UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM WOMACK,<br><br>  Plaintiff,<br><br>  v.<br><br>L ADAMS, KEVIN BOVENKAMP, B BRAID, CHRIS BOWMAN, STEPHEN FLEENOR, JOHN/JANE DOES, ROY GONZALEZ, LIZA ROHRER, STEVEN SINCLAIR, SUNDBERG, THURSTON COUNTY, THOMAS VICARI, WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>  Defendants. | CASE NO. 3:15-CV-05249-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: September 11, 2015 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Plaintiff William Womack, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Presently pending is Plaintiff's Motion to Voluntarily Dismiss the Complaint, Motion to Withdraw the Motion to Voluntarily Dismiss the Complaint, Motion to Voluntarily Dismiss Claims Against Western District Defendants, and Motion to Transfer the Case. Dkt. 10, 14-16. Having reviewed the pending Motions, the Court concludes Plaintiff's Motion to Withdraw, Motion to Voluntarily Dismiss Claims against Western District

REPORT AND RECOMMENDATION - 1

Defendants, and Motion to Transfer the Case should be granted. The Court recommends Plaintiff's Motion to Voluntarily Dismiss the Complaint be withdrawn, Defendants Thurston County and an unnamed employee of the Shelton Correction Center be dismissed without prejudice, and the remaining claims and Defendants be transferred to the Eastern District of Washington.

## BACKGROUND

Plaintiff initiated this lawsuit on April 20, 2015 when he filed a Motion to Proceed *In Forma Pauperis* ("IFP"). Dkt. 1. Plaintiff's Motion to Proceed IFP was granted and, on June 11, 2015, Plaintiff was ordered to amend his Complaint or show cause why his Complaint should not be dismissed. Dkt. 9. In the Order, the Court noted there were only two claims which were proper in the Western District of Washington and the claims appeared to be barred by the statute of limitations. *Id.* at pp. 3-4. Plaintiff was notified if he failed to state viable claims against Defendants residing in or events occurring in the Western District, the Eastern District of Washington would be the proper venue as the remaining Defendants reside and the events occurred in the Eastern District. *Id*. at p. 11. The Court instructed Plaintiff to show cause why his Complaint should not be dismissed without prejudice as to his right to refile a complaint containing only claims arising in the Western District of Washington. *Id.*

On June 26, 2015, Plaintiff filed a Motion to Voluntarily Dismiss his case and requested the Court waive collection of the balance of his filing fee. Dkt. 10. The Court recommended Plaintiff's Motion for Voluntary Dismissal be granted and the request to waive the collection of the filing fee be denied. Dkt. 11. Plaintiff objected to the Report and Recommendation, and indicated, for the first time, he wanted to transfer his case to the Eastern District of Washington. Dkt. 13. The Court vacated its July 1, 2015 Report and Recommendation and ordered Plaintiff to

clarify his Motion to Voluntarily Dismiss his Complaint. Dkt. 13. Plaintiff has now filed the pending Motions in response to the Court's Order. *See* Dkt. 14, 15, 16.

## DISCUSSION

### A. Motion to Withdraw

Plaintiff filed a Motion to Withdraw his pending Motion to Voluntarily Dismiss his Complaint. Dkt. 14. Plaintiff seeks to have his Complaint and his IFP status transferred to the Eastern District of Washington in order to properly pursue his claims. *See* Dkt. 16. The Court recommends Plaintiff's Motion to Withdraw (Dkt. 14) be granted, and Plaintiff's Motion to Voluntarily Dismiss his Complaint (Dkt. 10) be withdrawn.

### B. Motion to Voluntarily Dismiss

Plaintiff moved to voluntarily dismiss the claims against Defendants Thurston County and an unnamed Shelton County employee. Dkt. 15. Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2).

Plaintiff requests the dismissal prior to any Defendant filing an answer or summary judgment motion. *See* Dkt. 15. Plaintiff has determined the proper venue for his claims is the Eastern District of Washington. *See id.*, Dkt. 16, p. 2. Plaintiff seeks dismissal of the two named

1  Defendants who are not proper in the Eastern District of Washington. Dkt. 15; 16, p. 2. As

2  Plaintiff filed his Motion prior to the entry of an answer or summary judgment motion, Plaintiff's

3  Motion for Voluntary Dismissal of Western District Defendants (Dkt. 15), Defendants Thurston

4  County and unnamed Shelton County employee, should be granted pursuant to Rule 41(a)(1).

5  *C. Motion to Transfer*

6        Plaintiff has also filed a Motion to Transfer his remaining claims to the Eastern District

7  of Washington. Dkt. 16. When jurisdiction is not found solely on diversity, venue is proper in (1)

8  the district in which any defendant resides, if all of the defendants reside in the same state; (2)

9  the district in which a substantial part of the events or omissions giving rise to the claim

10  occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a

11  judicial district in which any defendant may be found, if there is no district in which the action

12  may otherwise be brought. *See* 28 U.S.C. § 1391(b).  When venue is improper, the district court

13  has the discretion to either dismiss the case or transfer it "in the interest of justice."  *See* 28

14  U.S.C. § 1406(a).

15        The remaining Defendants and claims alleged in Plaintiff's Complaint arise out of actions

16  alleged to have been committed by employees of the Washington State Penitentiary ("WSP")

17  after Plaintiff's transfer to WSP. Dkt. 8. The WSP is located in Walla Walla, Washington, which

18  is within the venue of the Eastern District of Washington. *See* 28 U.S.C. §§ 84(b). Thus, venue is

19  proper in the Eastern District of Washington, not the Western District of Washington.

20  Accordingly, the Court recommends Plaintiff's Motion to Transfer (Dkt. 16) be granted and this

21  action be transferred to the Eastern District of Washington.

22

23

24

**CONCLUSION**

The Court recommends Plaintiff's Motion to Withdraw the Motion to Voluntarily Dismiss the Complaint, Motion to Voluntarily Dismiss Claims against Western District Defendants, and Motion to Transfer the Case be granted. Plaintiff's Motion to Voluntarily Dismiss the Complaint (Dkt. 10) should be withdrawn, Defendants Thurston County and an unnamed employee of the Shelton Correction Center be dismissed without prejudice, and the remaining claims and Defendants be transferred to the Eastern District of Washington. The Court also recommends the Order granting Plaintiff's Motion to Proceed IFP be transferred with this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 11, 2015, as noted in the caption.

Dated this 17th day of August, 2015.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge